36 F.3d 1090
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Leo HAMEL, Defendant, Appellant.
 Nos. 94-1052, 94-1322.
 United States Court of Appeals,
First Circuit.
 Oct. 6, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Joseph L. Tauro, U.S. District Judge]
 Michael C. Bourbeau, Esq. with whom Bourbeau and Bourbeau was on brief for appellant.
 Donald K. Stern, United States Attorney, with whom Nadine Pellegrini, Assistant United States Attorney, was on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Chief Judge, Boudin, Circuit Judge, and Barbadoro,* District Judge.
 Per Curiam.
 
 
 1
 After jury trial in the district court, defendant Leo Hamel was convicted of violation of 18 U.S.C. Sec. 371 of conspiracy to commit bank fraud and conspiracy to make false statements for the purpose of influencing the actions of Dime Savings Bank, a federally insured bank. He now appeals his conviction.
 
 
 2
 Defendant originally appealed on two grounds. In his brief, he first argued that the government failed to prove as a matter of law that Hamel knowingly made a false statement with intent to influence a federally insured financial institution. As defendant's counsel correctly conceded during oral argument, however, defendant's argument on this point is precluded by this Court's recent decision in United States v. Brandon, 17 F.3d 409, 426 (1st Cir. 1994) ("It has been established that the government does not have to show the alleged scheme was directed solely toward a particular institution; it is sufficient to show that defendant knowingly executed a fraudulent scheme that exposed a federally insured bank to risk of loss.").
 
 
 3
 This concession leaves us with defendant's remaining argument on appeal, that there was insufficient evidence as a matter of law to convict him of conspiracy under Sec. 371. We have stated that in assessing a sufficiency challenge, we examine the evidence "in the light most flattering to the prosecution (in the process of drawing all reasonable inferences in its favor) so that we may ascertain whether the proof would have allowed a rational jury to determine beyond a reasonable doubt that the defendant was guilty of the crime charged." United States v. Ortiz, 966 F.2d 707, 711 (1st Cir. 1992), cert. denied, U.S. , 113 S. Ct. 1005 (1993). There are no specific requirements of proof of a conspiratorial agreement; we have held that the agreement may be express or tacit, and may be proved by direct or circumstantial evidence. United States v. Sepulveda, 15 F.3d 1161, 1173 (1st Cir. 1993), cert. denied, U.S. , 114 S. Ct. 2714 (1994).
 
 
 4
 Applying these standards for review of defendant's conspiracy conviction, we easily find that there was sufficient evidence to support a jury finding beyond a reasonable doubt of an agreement to defraud Dime Savings Bank and to present false statements to Dime. For these reasons, we reject defendant's challenge and affirm his conviction.
 
 
 5
 Affirmed.
 
 
 
 *
 Of the District of New Hampshire, sitting by designation